## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **D.S. and N.Z.**

**No. 19-0343** (Mercer County 17-JA-055-WS and 17-JA-056-WS)

## MEMORANDUM DECISION

Petitioner Mother L.S., by counsel Gerald R. Linkous, appeals the Circuit Court of Mercer County's March 6, 2019, order terminating her parental, custodial, and guardianship rights to D.S. and N.Z.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Thomas M. Janutolo Jr., filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights instead of imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2017, the DHHR filed a petition alleging that petitioner neglected the children by failing to ensure their proper hygiene, which resulted in "severe diaper rash" on one child and a rash on the other. Petitioner also admitted to a "severe cockroach problem" in the home, which a Child Protective Services worker observed. The petition further alleged concerns over petitioner's inability to provide proper care for her youngest child, who was observed with certain medical conditions, such as cradle cap. The DHHR also alleged that petitioner failed to implement the parenting skills she was taught through services.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Following the petition's filing, petitioner stipulated to neglecting the children due to her "poor housing" and failure to provide for their basic needs. The circuit court granted petitioner a post-adjudicatory improvement period and, later, a post-dispositional improvement period. The terms and conditions of these improvement periods required, in part, that petitioner obtain stable housing and employment. The DHHR also provided petitioner with parenting education and visits with the children, among other services.

In August of 2018, the circuit court held a dispositional hearing during which the DHHR presented testimony concerning petitioner's noncompliance with services. Specifically, a DHHR employee testified that petitioner's participation in services was "very on and off" throughout the proceedings and that the employee's "biggest concern" was petitioner's "inability to consistently make progress" in remedying the conditions of neglect. The witness further testified that petitioner would be unlikely to successfully complete her improvement period within three months, given that the DHHR had "given a lot of resources to try to help [her] with establishing appropriate housing and helping her with jobs . . . that she did not follow through with." Ultimately, the circuit court continued the matter so that the DHHR could "continue to provide services" to petitioner and specifically ordered her "to cooperate consistently" with the DHHR.

In February of 2019, the circuit court held a final dispositional hearing. The DHHR presented evidence that petitioner still lacked stable living conditions and employment. Specifically, after obtaining a home shortly before this hearing, the DHHR indicated that petitioner "lost that home within a few days." Based on the evidence, the circuit court found that the case concerned simply "a lack of ability to care for these children" and that petitioner was unable to properly care for them because "she doesn't prioritize her children." The circuit court further noted that petitioner was "close [to correcting the conditions of neglect] for two years," but that she was ultimately unable to correct the conditions because of her failure to follow through with the services offered. As such, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of neglect in the near future. The circuit court further found that termination of petitioner's parental, custodial, and guardianship rights was in the children's best interests because they needed permanency, especially considering the length of time they remained in foster care during the proceedings. Accordingly, the circuit court terminated petitioner's parental, custodial, and guardianship rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

---

[2]N.Z.'s father's parental rights were also terminated below. According to the DHHR, the child's permanency plan is adoption in his current foster placement. D.S.'s father voluntarily relinquished his parental, custodial, and guardianship rights. According to the DHHR, the permanency plan for D.S. is to be adopted in the same home as N.Z.

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole assignment of error on appeal is that the circuit court should have imposed a less-restrictive dispositional alternative instead of terminating her parental, custodial, and guardianship rights to the children. However, it is important to note that petitioner does not challenge the circuit court's findings that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect in the near future or that such termination was in the children's best interests. Indeed, petitioner acknowledges that West Virginia Code § 49-4-604(b)(6) permits termination of these rights upon these findings. We have long held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record shows that the circuit court had ample evidence upon which to base these findings, and we decline to disturb them on appeal, especially in light of petitioner's failure to allege that such findings were in error.

Instead of challenging these findings, petitioner argues that the circuit court noted she was "close to completing all the requirements of her improvement period" at the August of 2018 hearing. While it is true that the circuit court expressed its belief that petitioner was "close" to remedying the conditions of neglect, petitioner's argument ignores two important facts. The first is that at the final dispositional hearing in February of 2019, the circuit court explained that petitioner had actually been "close [to correcting the conditions of neglect] for two years," yet the conditions persisted due to her inability to prioritize the children's proper care. More important, however, is the fact that the evidence showed that petitioner regressed in her limited progress by the time of the final hearing, given that she lacked both stable housing and employment. This is in spite of the fact that the circuit court granted petitioner a continuance of the original dispositional hearing in August of 2018 so that she could fully comply with the DHHR's services. Despite being offered additional time to improve, the record shows that the conditions actually worsened. Further, petitioner asserts that the children's placement with a relative supported the imposition of a less-restrictive dispositional alternative, but fails to acknowledge that the nature of the children's placement has no bearing on the appropriateness of the circuit court's findings upon which

3

termination was based. For these reasons, petitioner's argument on appeal lacks a basis in the record or relevant authority, and we find that she is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 6, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison